UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEON BLACKSHEAR,                         Case No. 1:11-cv-212
          Plaintiff                      Barrett, J.

          vs

CINCINNATI PAROLE
AUTHORITY, et al.,                       REPORT AND
          Defendants                     RECOMMENDATION


     Plaintiff, an inmate at the Toledo Correctional Institution in Toledo, Ohio brings this civil

rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights.  By separate Order

issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to

determine whether the complaint, or any portion of it, should be dismissed because it is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28

U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

     Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if

satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A

complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a

rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see*

*also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.  The Court

need not accept as true factual allegations that are "fantastic or delusional" in reviewing a

complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*,

490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a

claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  Plaintiffs' complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  *See also Hill*, 630 F.3d at 470-71 ("dismissal standard

articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§

1915A(b)(1) and 1915(e)(2)(B)(ii)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  The

Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal

conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v.

Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]"

2

devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff brings this action pro se against the Cincinnati Adult Parole Authority (APA), APA Revocation Hearing Officer Mike Sands, parole officers David Matulavich, Kevin (NLN) and Amanda (NLN), Ohio Adult Parole Authority Officer Cynthia Mausser, the Ohio Adult Parole Authority, and the Sycamore Hotel. Plaintiff alleges that on June 4, 2010, a maintenance worker for the Sycamore Hotel, where plaintiff was residing, unlocked and entered plaintiff's room without permission. Defendant parole officers Matulavich, Kevin, and Amanda entered, searched the room, discovered a crack pipe, and arrested plaintiff. Plaintiff was not charged criminally for possession of drug paraphernalia, yet his alleged possession of the crack pipe was used as the basis for revoking his parole. Plaintiff alleges the parole officers did not possess any open warrants for plaintiff's arrest or a warrant to search his room at the Sycamore Hotel. Plaintiff states that on June 29, 2010, he appeared at a parole revocation hearing before defendant Sands who revoked plaintiff's parole and recommended a seven month term of imprisonment. On July 12, 2010, defendant Mausser modified the recommendation and imposed a 27 month term of imprisonment. Plaintiff alleges he is currently imprisoned on a technical parole violation. Plaintiff alleges violations of his privacy and due process rights. He also alleges a claims for wrongful imprisonment and for a violation of the Eighth Amendment proscription against cruel and unusual punishment. As relief, plaintiff seeks $50,000 on each claim.

Plaintiff has not explained the nature of his due process or false imprisonment claims.

3

Nevertheless, plaintiff has no right to relief under 42 U.S.C. § 1983 in connection with the revocation of his parole and subsequent imprisonment against defendants Sands, Mauser, Cincinnati Adult Parole Authority, and Ohio Adult Parole Authority as a ruling in his favor would necessarily cast doubt on the validity of his parole revocation and subsequent imprisonment. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.* The rule in *Heck* also "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *Norwood v. Mich. Dept. of Corrections*, 67 F. App'x 286, 287 (6th Cir. 2003). Plaintiff has not alleged any facts showing the Parole Authority's decision to revoke his parole has been invalidated by a federal or state court or other appropriate tribunal. Because a successful due process challenge to plaintiff's parole revocation would necessarily imply the invalidity of the underlying parole revocation, plaintiff's § 1983 claims challenging his parole revocation and

4

subsequent incarceration are barred by *Heck*.

In addition, to the extent plaintiff may be alleging that the Adult Parole Authority improperly considered evidence seized during an unlawful arrest and search, this claim lacks merit as the Fourth Amendment exclusionary rule does not apply to parole revocation proceedings. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 362-64 (1998).

With regard to plaintiff's Fourth Amendment claim against defendants Matulavich, Kevin, and Amanda, the Court notes that "the warrant and probable cause requirements of the Fourth Amendment generally do not apply to searches of parolees, probationers, or their residences." *U.S. v. Smith*, 526 F.3d 306, 308 (6th Cir. 2008) (citing *Samson v. California*, 547 U.S. 843, 857 (2006) (permitting suspicionless searches of parolees); *United States v. Knights*, 534 U.S. 112, 118 (2001) (upholding a warrantless search of a probationer's apartment based on reasonable suspicion and a probation condition requiring him to submit to a search at any time)). Where a party raises a Fourth Amendment claim challenging the reasonableness of a warrantless search of his residence, the Court must consider "the degree to which [the search] intrudes upon an individual's privacy" as well as "the degree to which it is needed for the promotion of legitimate governmental interests." *Smith*, 526 F.3d at 308 (quoting *Samson*, 547 U.S. at 848). At this juncture, plaintiff's Fourth Amendment claim is deserving of further development and should be permitted to proceed.

Plaintiff's Section 1983 claims against the Cincinnati and Ohio Adult Parole Authority should be dismissed because both are immune from money damages under the Eleventh

Amendment.  The APA is an arm of the state and plaintiff's claim for money damages, if successful, would run against the state treasury.  Thus, plaintiff's claims against the APA are barred by the Eleventh Amendment.  *Massingill v. Ohio Adult Parole Authority*, 28 F. App'x 510, 511 (6th Cir. 2002);  *Murray v. Ohio Adult Parole Authority*, 916 F.2d 713, 1990 WL 155692, at *2 (6th Cir. 1990) (unpublished) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 69-71 (1989); *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).

Plaintiff's complaint against the Sycamore Hotel should also be dismissed.  Plaintiff fails to allege any facts showing that the "Sycamore Hotel" took any actions which somehow violated plaintiff's constitutional rights.

Finally, plaintiff fails to allege any facts whatsoever raising a plausible claim for relief against any of the defendants for a violation of his rights under the Eighth Amendment.  Plaintiff has failed to allege facts showing that defendants' actions resulted in any deprivations of basic human needs.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

## IT IS THEREFORE RECOMMENDED:

1.  Plaintiff's complaint against defendants parole officers David Matulavich, Kevin (NLN), and Amanda (NLN) should be permitted to proceed on plaintiff's Fourth Amendment claim;

2.  Plaintiff's complaint should be **DISMISSED** in all other respects because it seeks relief against defendants who are immune from such relief and fails to state a claim upon which relief may be granted.

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 4/20/2011                               s/Karen L. Litkovitz
                                              Karen L. Litkovitz, Magistrate Judge
                                              United States District Court

## UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION

KEON BLACKSHEAR,                              Case No. 1:11-cv-212
      Plaintiff                          Barrett, J.

vs

CINCINNATI PAROLE
AUTHORITY, et al.,
      Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).